UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT W WOOTTON,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL et al.,<br><br>    Defendants. | CASE NO. C12-5828 BHS-JRC<br><br>ORDER CONVERTING A MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND GIVING THE PARTIES TIME TO FILE ADDITIONAL BRIEFING |

    This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

    Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). Defendants address not only failure to exhaust administrative remedies, but also the substantive issues of failure to state a claim and qualified immunity in their motion (ECF No. 17). Thus, at least part of defendants' motion is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants have submitted a declaration with attached exhibits in support of their motion (ECF No. 18).

    Fed. R. Civ. P. 12 (d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court is required either to refuse to consider the declaration of Mary Scott and the attached exhibits, (ECF No. 18), or to convert the motion to dismiss into a motion for summary judgment. The Court will consider the declaration of Mary Scott and the attached exhibits. Therefore, the Court will consider defendants' motion to dismiss as a motion for summary judgment.

If the Court converts a motion to dismiss to a motion for summary judgment, the parties must be given notice and an opportunity to amend or supplement the filings. *Graux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984).

The Court orders that any additional briefing or material defendants wishes to file must be filed on or before February 15, 2013. Plaintiff's response must be filed on or before March 8, 2013. If defendants wish to file a reply brief it must be filed before March 15, 2013. The Court will consider Defendants' motion for summary judgment (ECF No. 17) on March 15, 2013. The Court asks that the Clerk's office re-note the motion (ECF No. 17), for March 15, 2013.

Plaintiff filed a motion for an extension of time to respond to defendants' motion to dismiss (ECF No. 26). This order has extended plaintiff's response time until March 8, 2013. Plaintiff's motion for an extension of time (ECF No. 26) is denied as moot.

Dated this 7th day of January, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER CONVERTING A MOTION TO DISMISS
TO A MOTION FOR SUMMARY JUDGMENT
AND GIVING THE PARTIES TIME TO FILE
ADDITIONAL BRIEFING - 2